UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20713-CIV-McALILEY

[CONSENT CASE]

ROMIKA-USA, INC., a Florida
corporation,

              Plaintiff,
v.

HSBC BANK USA, N.A., a national
banking association; and COLUMBIA
SPORTSWEAR COMPANY, a
foreign corporation,

              Defendants.
_____/

### ORDER GRANTING COLUMBIA SPORTSWEAR'S MOTION TO STRIKE EXPERT WITNESS AND EXPERT WITNESS DISCLOSURE

Before the Court is Defendant Columbia Sportswear Company's (Columbia) Motion to Strike Expert Witness and Expert Witness Disclosure [DE 103]. Plaintiff Romika-USA, Inc. (Romika) has not filed a response, and the time for doing so has expired. Local Rule 7.1(C) provides that "[e]ach party opposing a motion shall serve an opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default."

Romika has been responsible for many delays in this case, often seeking extensions

of time at the last moment. Most recently, Romika sought permission for an extended deadline to furnish its expert witness list to Columbia and to provide its expert witness summary or report as required by Local Rule 16.1(K). This request came on the heels of an earlier extension of time for service of the same, agreed to by defense counsel. The Court granted Romika's request in its December 12, 2006 order [DE 102]. Thus, Romika was obligated to provide Columbia its expert witness list on December 4, 2006 and to serve its expert witness summary or report no later than December 14, 2006. In that order the Court warned Romika: "Plaintiff has caused considerable delays in this litigation, and is admonished that this Court will not grant any further extensions of deadlines absent extraordinary circumstances." [DE 102, p. 2, ¶ 3].

Romika did not meet its own December 14th deadline. Instead, on December 19, 2006 it faxed to Columbia's counsel a letter from Romika's expert dated December 15, 2006, and certain attachments. [DE 103, Ex. A]. Columbia's motion documents the prejudice caused by Romika's unauthorized and unjustified delay: it left Columbia, during the winter holidays, with less than seven business days to analyze this disclosure, confer with its own expert and obtain the deposition of Romika's expert.

In addition to this Court's authority under Local Rule 7.1(C) to grant Columbia's motion by default because Romika has not filed a response (see above), Local Rule 16.1(M) provides that "[f]ailure to comply with the requirements of [Rule 16.1] will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or the striking of defenses and entry of judgment." Rule 37(c)(1) of the Federal Rules of Civil

Procedure provides that a party that fails "without substantial justification" to make required disclosures "is not, unless [the] failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." This rule "gives district courts discretion to exclude untimely submissions." *Bearint v. Dorel Juvenile Group, Inc.*, 389 F.3d 1339, 1348 (11th Cir. 2004). Having failed to respond to Columbia's motion, Romika has given no justification – much less "substantial justification" – for its failure to timely provide the expert disclosures to Columbia, and because its failure to do so has prejudiced Columbia by leaving Columbia with insufficient time to use the disclosures in its preparation, it is not harmless. This Court therefore

ORDERS and ADJUDGES that Columbia Sportswear Company's Motion to Strike Expert Witness and Expert Witness Disclosure [DE 103] is **granted**. Romika is precluded from using Aurelio Piedra, CPA, as an expert witness in these proceedings.

DONE and ORDERED in chambers in Miami, Florida this 11th day of January, 2007.

_____
CHRIS McALILEY
U.S. MAGISTRATE

Copies to:

All counsel of record